United States District Court
Southern District of Texas
**FILED**

MAR 10 2016

David J. Bradley, Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 15-20278

United States Court of Appeals
Fifth Circuit
**FILED**
February 17, 2016

Lyle W. Cayce
Clerk

HOZAM ALAJMI,

    Plaintiff - Appellant

v.

THE METHODIST HOSPITAL; FAROUQ AQRAWI,

    Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-753

Before ELROD, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

    Hozam Alajmi is a Saudi citizen who lived in the United States performing diplomatic duties. While he was assigned to Houston, he and his family frequently received medical services from The Methodist Hospital. To pay for the medical expenses, Alajmi provided a financial guarantee from the Armed Forces Office of the Royal Embassy of Saudi Arabia in Washington, D.C., and instructed Methodist that all billing matters be sent to that office

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alone. On one occasion, rather than contacting the Armed Forces Office, Methodist sent a letter to the Consul General of Saudi Arabia in Houston. The letter disclosed that Alajmi was a patient and that he owed $31,112.87 in outstanding debt for medical services. Alajmi filed suit, asserting the following tort claims based on this allegedly false disclosure: invasion of privacy, negligence per se, intentional infliction of emotional distress, libel, and conspiracy. He further alleged that the collection letter violated § 241.152 of the Texas Health and Safety Code, which prohibits a hospital from disclosing health information without the patient's consent.

The district court dismissed Alajmi's claims for failure to timely comply with Texas Civil Practices & Remedies Code § 74.351(a). That statute requires that for health care liability claims, a claimant serve an expert report within 120 days after the defendant files an answer. Tex. Civ. Prac. & Rem. Code § 74.351(r)(6). The expert report must include the applicable standards of care, how the healthcare provider failed to meet those standards, and a causal relationship between the failure and the harm claimed. *Id.* If a plaintiff fails to timely comply with the expert report requirement, the court is required to dismiss the claim and award attorney's fees to the defendant. *Id.* § 74.351(b)(1)–(2). Although Alajmi's case did not allege classic medical malpractice, the district court relied on Texas authority indicating that the statute also applies to claims involving wrongful disclosure of medical information. Under the mandatory provisions in section 74.351(b), the district court awarded attorney's fees to Methodist upon dismissal of Alajmi's claims.

Alajmi first contends that the *Erie* doctrine prevents section 74.351 from applying in federal courts because it directly collides with the Federal Rules of Civil Procedure. There has been disagreement about this issue among district

No. 15-20278

courts, with the vast majority holding that the Texas statute does not apply in federal court.[1]

This case does not, however, present us with an opportunity to decide the *Erie* question.[2] In the district court, Alajmi did not argue that the Texas statute should not apply in federal court until he filed a Rule 60(b)(6) motion for reconsideration. Rule 60(b) motions for reconsideration cannot be used to argue a new legal theory. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (holding new legal theory cannot be raised for the first time in post-judgment Rule 59(e) motion to alter or amend judgment); *see Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 313 (5th Cir. 2012) (applying new legal theory rule in 60(b) context). The district court therefore

---

[1] *Compare Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 WL 1378698, at *8 (N.D. Tex. Mar. 26, 2015); *Milligan v. Nueces Cty., Tex.*, No. CIV. A. C-08-118, 2010 WL 2352060, at *3 (S.D. Tex. June 9, 2010); *Garcia v. LCS Corr. Servs., Inc.*, No. CIV. A. C-09-334, 2010 WL 2163284, at *5 (S.D. Tex. May 24, 2010); *Basco v. Spiegel*, No. CIV. A. 08-0468, 2009 WL 3055319, at *1–2 (W.D. La. Sept. 21, 2009); *Guzman v. Mem'l Hermann Hosp. Sys.*, No. CIV. A. H-07-3973, 2008 WL 5273713, at *14–15 (S.D. Tex. Dec. 17, 2008); *Mason v. United States*, 486 F. Supp. 2d 621, 625 (W.D. Tex. 2007); *Toler v. Sunrise Senior Living Servs., Inc.*, No. CIV. A. SA-06-CV-0887-XR, 2007 WL 869581, at *4 (W.D. Tex. Mar. 21, 2007); *Hawkins v. Wadley Reg'l Med. Ctr.*, No. 5:05-CV-154, 2006 WL 5111117, at *1 (E.D. Tex. May 18, 2006); *Hall v. Trisun*, No. CIV. A. SA-05-CA-0984 OG NN, 2006 WL 1788192, at *3 (W.D. Tex. June 23, 2006) *report and recommendation adopted*, No. SA 05 CA 984 OG, 2006 WL 2329418 (W.D. Tex. Aug. 1, 2006); *Beam v. Nexion Health Mgmt., Inc.*, No. 206 CV 231, 2006 WL 2844907, at *1–3 (E.D. Tex. Oct. 2, 2006); *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 621–23 (W.D. Tex. 2005); *Brown v. Brooks Cty. Det. Ctr.*, No. C.A. C-04-329, 2005 WL 1515466, at *2 (S.D. Tex. June 23, 2005); *Redden v. Senior Living Properties, L.L.C.*, No. CIV. A. 104-CV-125–C, 2004 WL 1932861, at *3 (N.D. Tex. Aug. 27, 2004); *McDaniel v. United States*, No. CIV. A. SA-04-CA-0314-, 2004 WL 2616305, at *6–8 (W.D. Tex. Nov. 16, 2004); *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803–10 (E.D. Tex. 2001) (holding that predecessor to section 74.351 did not apply in federal cases), *with Privett v. United States*, No 5:13-CV-79, 2014 WL 174596, at *1–2 (E.D. Tex. Jan.8, 2014) (applying section 74.351 without conducting an *Erie* analysis); *Prentice v. United States*, 980 F. Supp. 2d 748, 752 (N.D. Tex. 2013); *Cruz v. Chang*, 400 F. Supp. 2d 906, 911–15 (W.D. Tex. 2005) (holding that predecessor to section 74.351 did apply in federal cases).

[2] The issue of whether section 74.351 should apply in federal courts is pending in another case before this court, *Passmore v. Baylor Health Care System, et al.*, Case No. 15-10358.

3

did not abuse its discretion in finding that Alajmi could not raise his *Erie* challenge to the application of section 74.351 for the first time at the Rule 60 stage.

That leaves Alajmi's argument that section 74.351 should not apply because his claims are not "health care liability claims" under the statute. *See Tex. W. Oaks Hosp. v. Williams*, 371 S.W.3d 171, 179–80 (Tex. 2012) (A health care liability claim contains three elements: "(1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant."). Health care liability claims under section 74.351 operate like the Three Musketeers— all for one and one for all. *See PM Mgmt.-Trinity NC, LLC v. Kumets*, 404 S.W.3d 550, 552 (Tex. 2013) (holding that when a plaintiff asserts a claim based on the same underlying facts as a separate health care liability claim that the plaintiff also asserts, all claims are treated as health care liability claims). Methodist thus needs to show only that one of the factually related claims Alajmi asserts falls within the statute.

On appeal, Alajmi argues that the case is simply about debt collection— his complaint being that Methodist sent the bill to the consulate which resulted in the consulate believing he was delinquent on a debt—and does not turn on the disclosure of medical information. But that is not how the case was pled or argued in the district court. Separate from its allegations that the letter to the consulate "contained false statements because Mr. Alajmi did not owe money to the Hospital," the complaint alleges that Methodist "conspired . . . to wrongfully disclose Mr. Alajmi's *health* information, knowing that the disclosure of Mr. Alajmi's *health* information would significantly damage Mr.

4

No. 15-20278

Alajmi's reputation within the consulate and in Riyadh and damage his promotion opportunity." The complaint also asserts a cause of action for wrongful disclosure of medical information under the Texas Health and Safety Code and a negligence per se claim premised on the allegation that "Defendant's unauthorized disclosure of health information was in violation of the Health Insurance Portability and Accountability Act ("HIPAA"), and the Texas Medical Records Privacy Act ("TMRPA")." Given these allegations, it is not surprising that Alajmi's counsel argued to the district court that the case involved allegations about the wrongful disclosure of medical information.

Taking the case in the posture it was litigated in the district court, as we must, the district court did not err in reading Texas law to treat claims alleging wrongful disclosure of medical information as "health care liability claims" within the meaning of section 74.351. *See Monson v. Allen Family First Clinic, P.A.*, 390 S.W.3d 598, 602 (Tex. App.—Dallas 2012, no pet.) ("A claim for wrongful disclosure of health care information is a health care liability claim subject to the expert-report requirement."); *Sloan v. Farmer*, 217 S.W.3d 763, 768 (Tex. App.—Dallas 2007, pet. denied) ("Maintaining the confidentiality of patient records is part of the core function of providing health care services."); *see also Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 754, 757–58 (Tex. 2014) ("[T]he broad language of the Medical Liability Act evinces legislative intent for the statute to have expansive application.").

We thus AFFIRM the district court's dismissal of this case under the expert report requirement of section 74.351 as well as the award of attorney's fees that the Texas statute compels.